IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON R. AMES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-06-603-W |
| v. | ) |
| | ) |
| DAVID PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is purportedly challenging the convictions for possession of controlled dangerous substance, possession of drug paraphernalia, carrying a concealed weapon, and possession of a firearm entered pursuant to a plea of guilty in the District Court of Logan County, Case No. CF-1999-246. Respondent has moved to dismiss the Petition on the ground of lack of jurisdiction. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DENIED.

Petitioner states in the Petition that he entered a guilty plea to the above-described four counts on August 15, 2003, and that he was sentenced to serve two-year concurrent sentences on each count. He admits that he did not appeal the convictions but that he applied for post-conviction relief in the District Court of Logan County on October 11, 2005. Petitioner states that the post-conviction application was denied on November 14, 2005, on the ground that the "sentence [sic] expired." Petition, at 4. Petitioner states that he appealed this decision to the Oklahoma Court of Criminal Appeals ("OCCA") which affirmed the decision on April 24, 2006. Petitioner asserts fourteen grounds for relief from the convictions entered in Case No. CF-99-246.

Respondent contends that the Court lacks jurisdiction to review the merits of the Petition because the Petition is successive to a previous habeas petition that was denied on its merits and because Petitioner has been denied leave to file a successive petition by the Tenth Circuit Court of Appeals. Petitioner replies that the Respondent has misconstrued the Petition. Petitioner contends that in the instant Petition he is challenging his convictions entered in Case No. CF-1999-246 and the Petition is therefore not successive to his previous petition filed in this Court challenging his convictions entered in Case No. CF-2000-283.

Petitioner indeed filed a previous habeas petition pursuant to 28 U.S.C. § 2254 challenging the convictions for conspiracy to deliver/manufacture/possess controlled dangerous substance and trafficking in illegal drugs entered against him in the District Court of Logan County, Case No. CF-2000-283. Petitioner is serving concurrent sentences of forty years of imprisonment and twenty years of imprisonment, respectively, for these convictions.

<http://www.doc.state.ok.us/DOCS/offender-info.htm> (Offender information for Alton R. Ames). Taking judicial notice of the Court's own records, Petitioner's previous habeas petition, <u>Alton Raymond Ames v. Eric Franklin, Warden</u>, Case No. CIV-04-432-W, presented a challenge only to the convictions entered against him in Case No. CF-2000-283. The petition was rejected on its merits, and Petitioner's application for a certificate of appealability to the Tenth Circuit Court of Appeals was denied and the appeal dismissed.

Petitioner's instant Petition asserts a challenge to the convictions entered against him in Case No. CF-1999-246. The instant Petition is therefore not successive to the Petitioner's previous habeas petition challenging the convictions entered in Case No. CF-2000-283. Respondent's Motion to Dismiss Petition for Habeas Corpus for Lack of Subject Matter Jurisdiction on the ground that Petitioner failed to obtain leave to file a successive habeas petition should be denied.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, grants federal district courts the authority to review habeas petitions filed by state prisoners and to dismiss those petitions which, on their face, show that the petitioners are not entitled to relief. In his Petition, Petitioner states that his post-conviction application filed in the Logan County District Court was dismissed on the ground that his sentences entered for the convictions in Case No. CF-1999-246 had expired. Public records available on the internet reflect that Petitioner was convicted in the District Court of Logan County, Case No. CF-1999-246, of the offenses of possession of controlled dangerous substance (count one), possession of drug paraphernalia (count two), carrying a concealed weapon (count three),

possession of precursor substance(count five), and transporting a loaded weapon (count six) following his entry of a nolo contendere plea to these charges. <http://www.oscn.net> (Docket sheet in State of Oklahoma v. Alton R. Ames, District Court of Logan County, Case No. CF-1999-246).  In exchange for Petitioner's plea, another count charging the offense of possession of a firearm while in commission of a felony was dismissed.  For the convictions entered on August 15, 2003, in Case No. CF-1999-246, Petitioner was sentenced to serve two years of imprisonment in count one, one year of imprisonment in count two, one year of imprisonment in count three, one year of imprisonment in count five, and ten days in the county jail in count six.  The Oklahoma Department of Corrections' public records reflect that Petitioner has served the sentences for his convictions entered in Case No. CF-1999-246. <http://www.doc.state.ok.us/DOCS/offender-info.htm> (Offender information for Alton R. Ames).

The Supreme Court concluded in  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. Because Petitioner is not in custody pursuant to his convictions in Case No. CF-1999-246, he cannot maintain a habeas proceeding in federal court with respect to these expired convictions, even if the convictions have been or will be used to enhance his sentences for other current or future convictions. Id. at 403-404.  In any event, the convictions in Case No. CF-1999-246 were not used to enhance the sentences he

is currently serving for the convictions entered against him in Case No. CF-2000-283, and Petitioner is not in custody with respect to the convictions entered against him in Case No. CF-1999-246 such that he might be subject to one of the exceptions to the general rule recognized in Lackwanna, 532 U.S. at 404. <http://www.oscn.net> (Docket sheet in State of Oklahoma v. Alton R. Ames, District Court of Logan County, Case No. CF-2000-283).

Petitioner has not demonstrated that his expired sentences in Case No. CF-1999-246 have been used to enhance his current sentences. See Carthen v. Workman, No. 04-6205, 121 Fed.Appx. 344, 2005 WL 226250 (10th Cir. Feb. 1, 2005)(unpublished op.)(concluding that "a petitioner who would attack an expired sentence because it has enhanced a current sentence must make some showing that the first sentence actually had the effect of augmenting the second"). Even if Petitioner could demonstrate that his expired convictions in Case No. CF-1999-246 have been used to enhance sentences he is presently serving, Petitioner has not established that he falls within one of the two narrowly-defined exceptions to the general rule recognized in Lackawanna. "The only exceptions [to this general rule] exist when: (1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner." Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004). Petitioner does not contend that counsel was not appointed in the state court case. The docket sheet in Case No. CF-1999-246 shows that Petitioner had privately-retained counsel during the first portion of the proceedings and that, upon Petitioner's motion for appointment of counsel, the court then appointed counsel to represent Petitioner through the remainder of the proceedings. <http://www.oscn.net> (Docket sheet

in State of Oklahoma v. Alton R. Ames, District Court of Logan County, Case No. CF-1999-246). This same record reflects that Petitioner was allowed to remain free on bond throughout the proceedings, although for a portion of the proceedings Petitioner was being detained in another county's jail on unrelated charges. Although Petitioner contends that he did not discover the alleged involuntariness of the plea and other claims raised herein until he was appointed counsel in a civil rights action, Petitioner did not exercise due diligence in raising the claims asserted in the Petition. Petitioner's contention that his attorney failed to appeal "the terms and breachments [sic] of the plea" does not bring him within the recognized exception. See Laycock v. New Mexico, 880 F.2d 1184, 11878-1188 (10th Cir. 1989)(attorneys do not have absolute duty to inform defendant who has pled guilty of his right to appeal). Accordingly, the Petition should be dismissed because the Court lacks jurisdiction to review the merits of the Petition challenging expired convictions entered against Petitioner in the District Court of Logan County, Case No. CF-1999-246.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to Dismiss (Doc. # 18) be DENIED and that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 14th    , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner

is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___24th___ day of ___July___, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE